UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEVERLY ANN DENT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 4:12CV208 NAB |
| | ) |
| BILL KARACUS, et al., | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Beverly Dent for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Bill Karacus, the Police Chief for Florissant, Missouri; John Luttrell, the Director of Animal Control for Florissant, Missouri; Steven Gray; Linda Gray; Mark Walden; and Dawn Walden.

Plaintiff alleges that in 2001 defendants Steven Gray and Linda Gray sold her a house but refused to move out of it. She says that when they did move out the house was badly damaged. She also says that they built a "secret quarters" within the home that they occupied while plaintiff was living there. She claims that Mark Walden and Dawn Walden had access to her phone lines. She asserts that her telephone was tapped and that her jewelry was stolen.

Plaintiff claims that she complained about these crimes to defendant Karacus, in his capacity as Police Chief. She maintains that Karacus refused to send police officers to her home or help her because she is African-American and her neighbors are Caucasian. She says she has been blocked from other law enforcement agencies, including the FBI, because they have been told that she is a threat to herself and others due to paranoid schizophrenia.

Plaintiff says her neighbor had a cat that brought dead rats into her yard and killed her fish. She claims that in June 2006 she complained about this to defendant Luttrell. She alleges that Luttrell began threatening her because of her race, telling her to get rid of her "kiddy pool," some electrical devices, and the dead animals. She asserts that he also threatened that if she ever complained to his office again he would "have 'forces' so great entering into [her] world for years that [she] would KILL [herself]." She claims that she complained to animal control another time, and as a result, she was subjected to "Klan activity, witch-craft, home invasion, [and] terrorism."

Plaintiff alleges that on July 4, 2005, defendants Mark Walden and Dawn Walden "bombed" her front yard. She claims that she called the police but that they refused to respond.

## Discussion

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). The only concrete actions alleged to be taken by defendants occurred more than five years before plaintiff filed the instant complaint. While plaintiff alludes that some actions may be occurring in the present, she does not state any particular violation of her rights by any particular defendant within the past five years. These allegations are conclusory and fail to state a claim upon which relief can be granted. As a result, the Court finds that this action is barred by the statute of limitations.

The complaint is silent as to whether defendants Karacus and Luttrell are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is

the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants Karacus and Luttrell.

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id. Plaintiff has not made any allegations that defendants Steven Gray, Linda Gray, Mark Walden, or Dawn Walden conspired with state actors to violate her constitutional rights. As a result, the complaint fails to state a claim against these defendants.

An action is factually frivolous if the facts alleged are "clearly baseless"; alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Some of the allegations in the complaint are clearly factually frivolous under Denton, such as the allegation that the Grays built a secret quarters in the house that they occupied after plaintiff moved in, the allegations regarding spying and phone tapping, or the allegation that she was denied access to several law enforcement agencies, including the FBI.  As a result, the complaint should be dismissed for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 9th day of February, 2012.

                                                                                     _/s/ Rodney W. Sippel_
                                                                                     RODNEY W. SIPPEL
                                                                                     UNITED STATES DISTRICT JUDGE